IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE
_____

SIDNEY TILLMAN HOOVER,

           Plaintiff-Appellee,

Vs.

DANIEL EDMONDSON HOOVER,

           Defendant-Appellant.

FROM THE WILLIAMSON
COUNTY CIRCUIT COURT
No. 95337
THE HONORABLE HENRY
DENMARK BELL, JUDGE
C.A. No. 01A01-9706-CV-00245
***VACATED AND REMANDED***
Virginia L. Story of Franklin
For Appellee
Nathaniel H. Koenig of Nashville
For Appellant

FILED

March 6, 1998

Cecil W. Crowson
Appellate Court Clerk

_____

MEMORANDUM OPINION[1]

_____

*CRAWFORD, J.*

      This is a divorce case. Defendant-appellant Daniel Hoover appeals the trial court's division of marital property and asserts that the land containing the parties marital home was improperly classified as wife's separate property. Plaintiff-appellee Sidney Hoover asserts that the trial court erred in failing to award her one-half of Husband's retirement account.

      Daniel Hoover (Husband) and Sidney Tillman Hoover (Wife) were granted a divorce in February 1997 after fourteen years of marriage. In September 1983, nine months after the parties were married, Wife's parents conveyed a five acre portion of their 105 acre farm to the parties for construction of their marital home. The deed provides in pertinent part as follows:

> For and in consideration of the sum of Ten ($10.00) dollars, cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of which is hereby acknowledged, we, GEORGE NEWTON TILLMAN AND WIFE, SYDNEY HART TILLMAN, have bargained and sold and by these presents do hereby transfer and convey unto DANIEL E. HOOVER AND WIFE, SIDNEY TILLMAN HOOVER, their heirs and assigns, the following described property situated in the 8th Civil District of Williamson County, Tennessee, to wit:

> [Description of Property]

---

[1] Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

TO HAVE AND TO HOLD said tract or parcel of land, with the appurtenances, estate, title and interest thereto belonging to the said Daniel E. Hoover and wife, Sidney Tillman Hoover, their heirs and assigns, forever.

In addition to providing for the custody and support of the parties' minor children, and rehabilitative alimony to Wife, the Amended Final Decree of Divorce, entered February 13, 1997, provides for the distribution of property as follows:

3. REAL PROPERTY. That the Court has heard the testimony of the parties, experts and witnesses, regarding the real property located at 2131 S. Berry's Chapel Road, Franklin, Williamson County, Tennessee and has considered the statutory factors as well as other appropriate criteria allowed by Tennessee law in considering the equity between the parties in the division of this property. That the Court finds said property to be valued at One Hundred Ninety Three Thousand ($193,000.00) Dollars although Wife's appraisal showed the property to be valued at One Hundred Seventy Five Thousand ($175,000.00) Dollars. However, the Court finds that if the Wife continues to live on the property with the minor children she should not have the problems of the septic lines and improvements to driveway which her appraiser took into consideration in his evaluation if the property were sold to a third party. The Court further finds that the land upon which the residence was constructed was given to the parties by the Wife's family and the Wife's family continues to own the surrounding property this property having been in her family since the early 1900's, the Court finds that said land was valued at Fifty Thousand ($50,000.00) Dollars at the time of the conveyance to the parties and therefore finds that this should be considered as Wife's separate property and deducted from the net marital equity. The Court does not find controlling that the title was placed in both parties' names or that the actual consideration listed on the warranty deed was Five Thousand ($5,000.00) Dollars as the testimony and evidence at trial verify that the transfer was in family conveyance for love and affection. Further the Court finds that Wife is disadvantaged and she has less education and lower income than Husband and will not have the ability to substantially acquire assets in the future. Further, the Husband testified that he has family land which may be available to him in the future as it was offered to him at the time the parties were married. That Court also finds that Husband has a retirement with the State of Tennessee in the approximate amount of Twenty Eight [Thousand] Five Hundred Thirty Three and 94/100 ($28,533.94) Dollars and Wife has no retirement available to her.

Therefore, based upon the foregoing the Court awards the marital residence to the Wife charging her with the repayment of the mortgage in the amount of Forty Four Thousand ($44,000.00) Dollars which she shall expressly assume and hold Husband harmless therefrom. That Husband shall pay the remaining marital debts being Visa, $4,673.76,

2

Mastercard $491.40, Dr. Bond $25.00, Dr. Bressman $20.00, Midsouth Dental $110.00, William Yost $88.00, Pediatric Associates $101.00, Dr. Henderson $178.00, Moody's $250.00, litigation costs of $4,075.00 to Wife's attorney, $4,860.65 to Husband's attorney, Court reporter fees for depositions and per diem of $272.00, $142.50, $335.00, $55.00, $225.00, $112.50 for a total marital debt of Sixteen Thousand Three Hundred Fifty Two and 31/100 ($16,352.31) Dollars plus court costs.

That Wife shall pay to Husband the sum of Twenty Eight Thousand Eight Hundred Thirty Eight ($28,838.00) Dollars and 00/100 representing his one-fourth of the equity ($193,000.00 less $50,000.00 land value found to be Wife's separate property, less $44,000.00 mortgage = $99,000.00) and the marital debts 1/4th of which is awarded to him based upon the Wife's disadvantaged status and Husband's receipt of his entire retirement account. Husband is then to pay the marital debts as listed above upon receipt of the $28,838.00 Judgment from Wife.

Husband is awarded his entire retirement in the approximate amount of Twenty Eight Thousand Five Hundred Thirty Three ($28,533.94) Dollars and 94/100 free and clear of claims of Wife.

\*                \*                \*                \*

Both parties appeal the order of the trial court and present the following issues for review:

Husband's issues:

1. Whether the trial court erred in classifying land given by the Wife's parents to the parties during their marriage as the Wife's separate property.

2. Whether the trial court's property division, in which Husband received only 25% of the martial property while incurring 75% of the marital debt is equitable under the facts of this case.

Wife's issues:

1. Whether the trial court erred in failing to award Wife one-half of Husband's retirement account.

2. Whether Wife should be awarded her attorney fees and costs on appeal.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d). On review, we must also keep in mind that trial courts have broad

3

discretion in dividing the marital estate upon divorce. ***Kincaid v. Kincaid***, 912 S.W.2d 140, 142 (Tenn. App. 1995).

In making a division of property in a divorce case, the trial court must first classify each piece of property as either "marital" or "separate." ***Batson v. Batson***, 769 S.W.2d 849, 856 (Tenn. App. 1988). Marital property "means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage . . ." T.C.A. § 36-4-121(b)(1)(A) (1996). Separate property means:

> (A) All real and personal property owned by a spouse before marriage;
>
> (B) Property acquired in exchange for property acquired before the marriage;
>
> (C) Income from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (b)(1); and
> (D) Property acquired by a spouse at any time by gift, bequest, devise or descent.

T.C.A. § 36-4-121(b)(2) (1996). We hold that the trial court improperly classified the value of the land conveyed to the parties as Wife's separate property. We interpret the above statutes to mean that when property is acquired by both spouses during the course of the marriage it is marital property. If property is acquired by one spouse during the course of the marriage it is marital property unless it was acquired by gift, bequest, devise, or descent. ***Williamson v. Williamson***, C.A. No. 03A01-9602-DR-00073, 1996 WL 555234 (Tenn. App. E.S. Oct. 1, 1996); ***England v. England***, C.A. No. 88-234-II, 1989 WL 3161 (Tenn. App. W.S. Jan. 20, 1989). Since the property in question was acquired by deed to *both* parties during their marriage, it is considered marital property. Because classifying the land as Wife's separate property has tainted the distribution of the remaining marital property, this case must be remanded for an equitable redistribution. Therefore, we cannot address Husband's issue #2 regarding the equity of the property distribution until the trial court makes a redistribution in accordance with this opinion and the factors listed in T.C.A. § 36-4-121(c). However, we note that in the Amended Final Decree of Divorce, the trial court improperly listed litigation costs and attorney fees as "marital debt," and then assigned all

4

marital debt to Husband.[2] Attorney fees and costs can be awarded in the discretion of the trial court, but an award of such fees is considered alimony. *Gilliam v. Gilliam*, 776 S.W.2d 81, 86 (Tenn. App. 1988). Furthermore, without an action having been brought by Husband's attorney, the trial court has no authority to reduce Husband's attorney's fees to judgment.

Because the trial court must start over with the redistribution of marital property, it is unnecessary to address at this time whether Wife should be awarded one-half of Husband's retirement account. Wife's request for attorney fees and costs on appeal is denied.

On remand, the trial court is directed to reclassify the full value of the marital home and real property on which it is located as marital property. The retirement benefits earned by Husband during the marriage are also marital property, but the court may, in its discretion, leave Husband's retirement account intact and award Wife a corresponding share of other marital property in the interest of maintaining equity between the parties. Attorney fees incurred by each party are not marital debt. If the trial court feels that an award of fees is justified after considering the relevant factors in T.C.A. § 36-5-101(d)(1) and the parties' ability to pay, then a separate award may be made.

For the foregoing reasons, the order of the trial court is vacated and the case is remanded for further proceedings in accordance with this opinion. Costs of the appeal are assessed equally between the parties.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**


_____
**ALAN E. HIGHERS, JUDGE**


_____
**DAVID R. FARMER, JUDGE**

_____

[2] It is unclear from the trial court's order whether Husband is charged with all marital debts, or whether 1/4 of those debts are assigned to Wife. The order states that "Husband shall pay the remaining marital debts," but the following paragraph can be interpreted as charging Wife with 1/4 of those debts. It is apparent from the wording of Husband's issues on appeal that counsel is confused by the wording of the order as well.